UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY PROVOST,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF SANGER,<br><br>            Defendant.<br>_____/ | CASE NO. 1:14-cv-001329-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**Objections Due: 28 Days** |

## I.    INTRODUCTION

On August 26, 2014, Plaintiff Henry Provost ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendant City of Sanger ("Defendant"). (Doc. 1.) For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff, a resident of Fresno County, filed this action to compel Defendant to release its City Attorney's opinion on Measure "S," which took effect in Sanger on July 1, 2008. (Doc. 1, 1.) Plaintiff contacted the Sanger City Clerk on June 30, 2014, requesting that the City Attorney

1

release an official opinion interpreting a sentence in Sanger Municipal Code, § 66-214. (Doc., 3 ("no revenues collected pursuant to the tax levied hereby may be spent on department administrator's salaries, general fund operating expenses in effect at the time this article becomes effective, or projects not a part of the public safety measure police and fire expenditure plan.").)

Having received no response to his request from Defendant, Plaintiff filed this action under the "Freedom of Information Act"[1] seeking an order compelling Defendant to provide a statement elucidating its interpretation of the Municipal Code section. (Doc. 1, 2.) Plaintiff claims that such a statement will "reveal the city attorney's opinion and the operating procedure that [Defendant] is using under Measure 'S'[,]" (Doc. 1, 1,) and that compulsion of such a statement is necessary so that the voters can understand the "full meaning" of Measure S. (Doc. 1, 2.)

### III.   SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] It is unclear whether Plaintiff intended to sue under the federal Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.*, or the California Public Records Act, Cal. Gov. Code, §§ 6253 *et seq.*

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may not simply allege a wrong has been committed and demand relief.  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*.  (quoting *Twombly*, 550 U.S. at 555, 570).  Further, while factual allegations are accepted as true, legal conclusions are not.  *Id.*  (quoting *Twombly*, 550 U.S. at 555).

In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.  *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).  A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

### IV.  DISCUSSION

**A.  Plaintiff's Complaint Should Be Dismissed**

   **1.  Plaintiff Fails to State a Cognizable Federal Claim Under the Freedom of Information Act**

Plaintiff seeks to bring a state entity − the City of Sanger − into this Court under the auspices of the Freedom of Information Act ("FOIA").  Put simply, the FOIA applies only to agencies of the United States − it is *not* applicable to state agencies like the City of Sanger.  5 U.S.C. § 551(1); *see St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (federal FOIA and Privacy Act not applicable to state agencies or bodies); *Kerr v. United States Dist. Court for N. Dist. Of California*, 511 F.2d 192, 197 (9th Cir. 1975) *aff'd* 426 U.S. 394 (1976) (Freedom of Information Act is limited to federal government authorities); *Spencer v. Scribner*, 1:06-CV-0291-AWI-WMW-PC, 2008 WL 5265202 at *1 (E.D. Cal. Dec. 16, 2008) (the FOIA is not applicable to state agencies or bodies).  There is no federal claim asserted against the City of Sanger.

### 2. This Court Lacks Jurisdiction Over Plaintiff's State Claim

It is possible that Plaintiff may be able to assert a state law claim under the California Public Records Act. *See* Cal. Govt. Code §§ 6253 *et seq*. (permitting inspection under certain conditions of California state or local agency record).  However, that claim is a state law rather than federal law claim.  Even broadly reading Plaintiff's complaint to include the state law claim, this Court has no subject matter jurisdiction over this action.

For a federal Court to invoke jurisdiction over a state law claim, Plaintiff's complaint must either arise under federal law or diversity jurisdiction requirements must be met.  28 U.S.C. §§ 1331 and 1332.  As discussed above, no federal-question jurisdiction exists in this case because there is no cognizable federal claim. Further, no diversity jurisdiction exists because Plaintiff is domiciled in California and Defendant is a California entity.  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010) (jurisdiction invoked by "diversity of citizenship requires that no defendant have the same citizenship as any plaintiff.")  There is no jurisdictional basis for this action.

### 3. Leave to Amend Should Not Be Granted

The complaint has not set forth a cognizable theory of federal law or a federal right, and does not assert diversity jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  Plaintiff has failed to meet this burden.  Even if Plaintiff could plead a state-law claim analogous to the FOIA, the Court lacks jurisdiction to hear it.

There is no set of facts under which Plaintiff could state a claim against the City of Sanger under the Freedom of Information Act, and this Court lacks subject matter jurisdiction over his analogous state claim.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *See, e.g., Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 28, 2014**                      **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE